Reese, J.
delivered the opinion of the court.
Hopkins in 1839 sold and contracted to convey to one Bell, a tract of land of upwards of five hundred acres, at the price of four dollars per acre, and took the bonds of Bell for the purchase money, and gave him a bond or covenant to convey title on the payment of the purchase money. The land in question had, in early times, been entered in the name of David Ross, and no grant at the time of this contract with Bell had been issued to the heirs of Ross. This land had been located by Pillow and Bradshaw, and they or their heirs had an equitable right to one-fifth, or one hundred and sixteen acres, for the *100 locative share. It does not appear from the allegations of the bill, or the proof in the case, that Bell at the time of the contract was not well informed of this state of the title. In 183S or 1834, Elliott, the complainant, purchased the land in question of Bell, and subsequently surrendered to Hopkins the title bond or covenant for a conveyance made by Hopkins to Bell, and subsequently surrendered to Hopkins the title bond or covenant for a conveyance made by Hopkins to Bell and assigned to him, and accepted from Hopkins a deed of conveyance, in which there is no covenant of seizin, or for further assurance, or to remove incumbrances, but a covenant merely of general warranty as the title, and of special warranty against any claims of the heirs of Pillow and Bradshaw. Complainant gave- to Hopkins his bonds for the. amount contracted to be paid by Bell, and the bonds of Bell were surrendered .to him by Hopkins. At this time complainant knew tbe claim of Pillow and Bradshaw for a locative share in the land, and was not ignorant, as we think from the proof, of the general state of the title. Hopkins in his life-time, although proposingand promising to do so, did not complete any negotiation with Pillow and Bradshaw for the extinguishment of their equitable title to a locative share. The administrator of Hopkins brought suit for the balance of the consideration and obtained judgment; and complainant filed this bill of injunction. The administrator in his answer, offers and agrees to an abatement of his judgment at law, on the ground of the locative share of Pillow and Bradshaw, although there had been no recovery or eviction by them against the vendee of his intestate, the complainant, to the amount and extent of the value of the locative share, as fixed by the terms of the sale to Bell: or, in other words, to abate the consideration money and interest of the one hundred and sixteen acres. Complainant subsequently filed a supplemental bill, alleging that he had purchased and paid for the locative share; and that it cost him the sum -of one thousand dollars, and he claims an abatement to this extent.
Two questions have been discussed. 1st. The jurisdiction of a Court of Chancery to grant any relief under the circumstances of this case? and 2dly. If relief can be granted, what *101 shall be the extent of that relief? We have considered the evidence with some care, and are satisfied that it does not establish fraud against Hopkins; and in the absence of fraud or eviction, the vendee in possession under a deed, with covenants of special warranty, is entitled to no equitable relief on account of the outstanding encumbrances or adverse title. No conversations of Hopkins proved in the record, as to his purchasing the locative share, either by their own proper forcej or in connection with the covenant of special warranty, if they could be so connected, constitute a ground upon which the court could rest the jurisdiction of a Court of Chancery to enforce the specific execution of contracts, according to the course of the court in such cases.
1. If it were not, then, that the administrator of Hopkins has in his answer offered to abate, and submitted to an abatement on the ground of the locative share, it would be difficult indeed to maintain the jurisdiction of the court in the present case.
2. There can be no -doubt as to the extent of the relief to be granted. In this case, equity must follow the law.
If Pillow had recovered his locative share from the complainant, and evicted him from the one hundred and sixteen acres, complainant could, at, law, in an action of covenant for the breach of the warranty of his deed, have recovered against Hopkins the consideration money, only, and the interest thereon. The earlier cases on this subject, in this State, are marked by some fluctuation in the principle of compensation. But the question has been fully settled, and for a considerable length of time, in favor of the consideration price, and against the value at the eviction. Particular cases have arisen, and will rise, where the enforcement of the one rule or the other would fall short of or exceed the just claims or liabilities of the one. party or the ‘other. But having established a general rule on the sub-jest, it is our duty on grounds alike of justice and policy, and in courts of equity as well as in courts of law, inflexibly to adhere to it. The inconvenience arising from its practical enforcement can be readily. obviated by the purchaser insisting upon the insertion of further covenants in the deed; as of seizin; to remove encumbrances; for further assurances, &c.
*102 The Chancellor, in this case, gave relief to the extent submitted to in the answer of the administrator. So far was proper, and we affirm the decree.